IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE,
SOUTHERN DIVISION

FILED
2009 NOV 10 P 3:34
U.S. DISTRICT COURT
EASTERN DIST. TENN.

JOHN H. COXWELL, SR., )
 )
    Plaintiff, )
 ) Civil Action No. BY_____ DEP.T. CLERK
vs. )
 ) JURY DEMAND 1:09cv287
THE LINCOLN NATIONAL LIFE ) Collier/Carter
INSURANCE COMPANY, )
 )
    Defendant. )

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND FOR BENEFITS

Comes now the Plaintiff, John H. Coxwell, Sr., ("Plaintiff" or "Coxwell") by and through counsel, and brings this Complaint against the Defendant, The Lincoln National Life Insurance Company ("Defendant" or "Lincoln"), and for his cause of action would show as follows:

### Parties

1. The Plaintiff, John H. Coxwell, Sr., is an individual residing at 2804 Goldpoint Circle South, Hixson, Hamilton County, Tennessee 37343.

2. Defendant, The Lincoln National Life Insurance Company (hereinafter referred to as "Lincoln"), is an Indiana corporation doing business in the State of Tennessee and can be served through the Commissioner of the Tennessee Department of Commerce and Insurance at 500 J. Robertson Parkway, 5th Floor, Nashville, TN 37243. The Defendant is also amenable to service of process through the long-arm statutes of the State of Tennessee and through The Prentice-Hall Corporation System, Inc., Suite 500 251 East Ohio Street, Indianapolis, Indiana 46204.

## Jurisdiction and Venue

3. This Court has jurisdiction pursuant to *28 USC §1332* because there is diversity of citizenship and the amount of the claim is over Seventy-Five Thousand Dollars ($75,000.00).

4. This Court also has jurisdiction pursuant to The Employee Retirement Income Security Act of 1974 ("ERISA"), *29 U.S.C. §1000-1461*, over which this Court possesses jurisdiction pursuant to *29 U.S.C. §1132(e)-(f)* and *28 U.S.C. §1331*.

5. Furthermore, this Court has jurisdiction over the Plaintiff's claim for relief in the form of a declaratory judgment pursuant to *28 U.S.C. §2201*.

6. Venue is proper in this district in that the Defendant does business here and the acts complained of occurred in this State and in this District.

## Common Factual Allegations

7. The Plaintiff, John H. Coxwell, Sr., worked with Hazlett, Lewis & Bieter, PLLC, Certified Public Accountants and Business Advisors, in Chattanooga, Hamilton County, Tennessee, when he became disabled on or about April 1, 2005, which was also his last day of full-time work. The last day worked by Plaintiff was April 11, 2005.

8. During the Plaintiff's work with Hazlett, Lewis & Bieter, PLLC, he was as an "owner" or partner with his main duty being to provide professional services as a Certified Public Accountant. The Plaintiff's permanent position on April 11, 2005 was that of Audit Member (partner).

9. On October 1, 1996, Hazlett, Lewis & Bieter, PLLC obtained a group policy for long-term disability with The Guaranty Life Insurance Company, being policy number GL000010012889 ("Policy"), a copy of which is attached hereto as Exhibit A. Effective August 1, 2000, The Guaranty Life Insurance Company merged with Jefferson Pilot Financial Insurance

2

Company. Thereafter, Jefferson Pilot merged into the Defendant, The Lincoln National Life Insurance Company, which is the insuring entity on the date of filing this Complaint.

10. At all times material to this action, the Plaintiff was a participant in the long-term disability policy originally with The Guaranty Life Insurance Company and thereafter with the Jefferson Pilot Financial Insurance Company and thereafter the Defendant, The Lincoln National Life Insurance Company.

11. The Plaintiff timely filed a Notice of Claim and a Proof of Claim within the applicable time limits set forth in the policy contract of insurance for long-term disability benefits. Also, the Defendant has waived, in writing, any issues of eligibility or late filing of a Proof of Claim or Notice of Claim due to extenuating circumstances set forth in documents provided by the Defendant.

12. The referenced long-term disability Policy provided a benefit for long-term disability based on earnings.

13. Pursuant to a letter dated April 20, 2007, the Plaintiff's claim for long-term disability benefits was denied. Thereafter, on January 16, 2008, after an appeal of the Defendant's decision, the original denial of the Plaintiff's claim was upheld. Subsequently, pursuant to a letter dated August 8, 2008, the second appeal of the long-term disability claim of the Plaintiff resulted in the Defendant granting partial disability benefits to the Plaintiff for the period of January 1, 2004 to June 30, 2006, but denying any other long-term disability benefits to the Plaintiff.

14. According to its August 8, 2008 letter, the Defendant disallowed total disability based on its initial denial of the claim and upon its appeal denial dated January 16, 2008 has said that the Plaintiff is not totally disabled due to an injury or sickness.

15. The August 8, 2008 letter further states that the Defendant will consider a further, third, appeal if the Plaintiff chooses to file one. A third appeal was submitted to the Defendant on August 21, 2008.

16. As part of the third appeal, the Defendant has required the Plaintiff to submit to multiple Independent Medical Examinations ("IME's") and provide income information. The Plaintiff has complied with all of the Defendant's demands.

17. On August 18, 2009, the Plaintiff contacted the Defendant regarding the status of his claim and was advised that a decision would be made within two (2) weeks, on or before September 1, 2009. It was not until October 2, 2009 that the Defendant sent its fourth denial of the Plaintiff's claim, this time not only denying long-term disability benefits but stating that the August 8, 2008 award of partial disability benefits was an error.

18. On November 3, 2009, the Plaintiff mailed his fourth and "final administrative" appeal, made pursuant to the terms of the Defendant's October 2, 2009 letter.

19. Prior to sending his fourth appeal, the Plaintiff requested information from the Defendant as to the numbers and levels of appeal. This information is not included in the Policy and has not been provided by the Defendant. The Plaintiff has no information as to whether this fourth appeal is, in fact, the final appeal after which he will have exhausted his administrative remedies.

20. As a result of the medical problems that the Plaintiff has, the Plaintiff is qualified for total disability benefits under the terms of the Hazlett, Lewis & Bieter, PLLC Class I plan.

21. Despite Plaintiff's entitlement to disability benefits under the terms of the Hazlett, Lewis & Bieter, PLLC plan, Defendant, Lincoln, improperly denied his benefits contrary to the provisions of the Policy and/or the Plaintiff's rights under ERISA.

22. The terms of the Policy require the Plaintiff to bring suit 3 years after the written proof of claim deadline. The Plaintiff is required to bring suit at this time, even though his fourth appeal remains pending.

23. By improperly and excessively delaying its response to the Plaintiff's third appeal and not notifying the Plaintiff of the levels and numbers of appeal available to him, the Defendant has waived any arguments or defenses arising out of or related to the timing of Plaintiff's suit.

24. The Defendant, by email dated September 18, 2008, waived all defenses related to the Statute of Limitations and/or the limitations periods described in the Policy.

### First Claim for Injunctive and Declaratory

25. The Plaintiff incorporates <u>Paragraphs 1 - 24</u> above as if fully set forth herein.

26. The disability coverage issued to the Plaintiff was pursuant to the Policy originally with The Guaranty Life Insurance Company to provide disability benefits for Partners (Class 1) and employees (Class 2). The benefits are provided on a fully-insured basis. There are two (2) separate groups under the Policy with one being owners/partners covered and the other being employees covered.

27. Pursuant to ERISA §4(a), *28 U.S.C. §1003(a)*, only those plans within the meaning of ERISA §3(3), *29 U.S.C. §1002(3)*, "Employee Benefit Plans," are covered. Pursuant to ERISA Regulation §25102.3-3(b), *29 C.F.R. §25102.3-3(b)*, a plan without employees does not constitute an employee benefit plan with coverage under ERISA. Pursuant to ERISA Regulation §2510.3-3(c), *29 C.F.R. §25102.3-3(c)*, a partner is not deemed to be an employee.

5

28. It is the position of the Plaintiff that the coverage provided to the Plaintiff for long-term disability benefits is a contractual obligation pursuant to the terms of the Policy and not an ERISA obligation.

29. In the alternative, the Plaintiff alleges that, if it is determined that he is covered as an employee, then he is covered as an ERISA employee under Hazlett, Lewis & Bieter, PLLC's welfare benefit plan.

30 The Parties have not been able to agree as to the rights of the Plaintiff pursuant to the terms of the Policy.

31. The Plaintiff requests a declaration of his rights as to whether this is an ERISA claim or a contractual claim for benefits under the long-term disability Policy provided to him through Hazlett, Lewis & Bieter, PLLC and now the responsibility of the Defendant, The Lincoln National Life Insurance Company.

### Second Claim for Relief – State Law Breach of Contract

32. The Plaintiff incorporates Paragraphs 1 - 31 above as if fully set forth herein.

33. The Defendant has breached its contractual obligations owed to the insured, Hazlett, Lewis & Bieter, PLLC, and the insured's beneficiary, the Plaintiff and the Defendant is liable to the Plaintiff for the designated benefits payable under the long-term disability policy previously mentioned.

34. The Defendant's refusal to pay the benefits in face of the evidence available to the Defendant has been in bad faith and in violation of Tennessee law.

35. The Plaintiff further alleges that he is entitled to an additional twenty-five percent (25%) bad faith penalty pursuant to *Tenn. Code Ann. §56-7-105*.

36. The Plaintiff alleges that pursuant to the breach of contract, the Plaintiff is entitled to benefits in excess of One Million Dollars ($1,000,000.00) plus a penalty in excess of Two Hundred Fifty Thousand Dollars ($250,000.00).

### Third Claim for Relief – Breach of Contract under ERISA

37. The Plaintiff incorporates Paragraphs 1 - 36 above as if fully set forth herein.

38. If it is determined that the Plaintiff, Plaintiff is a participant of the Hazlett, Lewis & Bieter, PLLC plan, pursuant to *29 U.S.C. §1132(a)(1)(B)*, the Plaintiff is entitled to judicial determination and enforcement of his benefits.

39. The Defendant improperly denied the benefits to which the Plaintiff is entitled under the terms of the Hazlett, Lewis & Bieter, PLLC disability plan, in contradiction of the plan and ERISA and, after appeal and additional review, the Defendant refuses to respond to the Plaintiff regarding any additional or future benefits.

40. The Defendants denial of Plaintiff's benefits and failure to respond to the Plaintiff regarding the results of ongoing review are wrongful breaches of contract and violations of ERISA.

41. The Plaintiff is entitled to a judgment for damages, including, but not limited to, past-due contractual benefits, future benefits and attorneys fees pursuant to *29 U.S.C. §1132(g)(1)*, costs incurred in bringing this action, which total amount is in excess of One Million Dollars ($1,000,000.00), plus any other relief as the Court deems equitable, just and proper.

**WHEREFORE**, Plaintiff prays for relief as follows:

a. That process issue and be served upon the Defendant requiring it to answer Complaint within the time allowed by law;

b. That a Judgment be entered declaring the Plaintiff's rights pursuant to the long-term disability Policy in an amount no less than One Million Dollars ($1,000,000.00);

c. That Defendant be required to pay the long-term disability benefits to the Plaintiff to which he is entitled;

d. That the Plaintiff be awarded pre-judgment interest;

e. That the Plaintiff be awarded attorneys fees and expenses as contemplated by ERISA and as contemplated by the contractual provisions long-term disability Policy;

f. That the Plaintiff be awarded an additional twenty-five percent (25%) bad faith penalty of the accrued benefits because of the Defendant's bad faith in this case;

g. That the Plaintiff be awarded such other and further general relief to which he may be entitled;

h. That the Plaintiff be granted a jury trial of this case if the case is determined to not be an ERISA claim.

**Respectfully submitted,**

**PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.**

By: _____
Richard A. Schulman, BPR #000990
Susie Lodico, BPR #023754
*Attorneys forPlaintiff*
537 Market Street, Suite 202
Chattanooga, TN 37402
Telephone: (423) 756-7117
Facsimile: (423) 267-5032

12\...\c\coxwell-john\(16)